IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH, Individually and On Behalf Of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>TEMPLE UNIVERSITY,<br><br>                      Defendant. | CIVIL ACTION<br>NO. 2:18-cv-00590-CMR<br><br>CLASS ACTION |

## DEFENDANT TEMPLE UNIVERSITY'S
## <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Temple University moves the Court to dismiss Plaintiff's Complaint. The grounds for this Motion are set forth in more detail in the Memorandum of Law filed simultaneously herewith, which are incorporated by reference.

                                                  Respectfully submitted,

Dated:  April 12, 2018

| | |
|---|---|
| /s/ Joe H. Tucker<br>Joe H. Tucker, PA ID # 56617<br>Jessica Rickabaugh, PA ID # 200189<br>**TUCKER LAW GROUP, LLC**<br>Ten Penn Center<br>1801 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Tel: 215-875-0609<br>Fax: 215-559-6209<br>jtucker@tlgattorneys.com | /s/ Roberta D. Liebenberg<br>Roberta D. Liebenberg, PA ID # 31738<br>Gerard A. Dever, PA ID # 85291<br>Jessica D. Khan, PA ID # 208875<br>**FINE, KAPLAN AND BLACK, RPC**<br>One South Broad Street, 23rd Floor<br>Philadelphia, PA  19107<br>Tel: 215-567-6565<br>Fax: 215-568-5872<br>rliebenberg@finekaplan.com |

Attorneys for Defendant Temple University

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH, Individually and On Behalf Of All Others Similarly Situated, : | |
| Plaintiff, : | CIVIL ACTION NO. 2:18-cv-00590-CMR |
| v. : | CLASS ACTION |
| TEMPLE UNIVERSITY, : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
TEMPLE UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| Joe H. Tucker, PA ID # 56617 | Roberta D. Liebenberg, PA ID # 31738 |
| Jessica Rickabaugh, PA ID # 200189 | Gerard A. Dever, PA ID # 85291 |
| **TUCKER LAW GROUP, LLC** | Jessica D. Khan, PA ID # 208875 |
| Ten Penn Center | **FINE, KAPLAN AND BLACK, RPC** |
| 1801 Market Street, Suite 2500 | One South Broad Street, 23rd Floor |
| Philadelphia, PA  19103 | Philadelphia, PA  19107 |
| Tel: 215-875-0609 | Tel: 215-567-6565 |
| Fax: 215-559-6209 | Fax: 215-568-5872 |
| jtucker@tlgattorneys.com | rliebenberg@finekaplan.com |

Attorneys for Defendant Temple University

TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. ALLEGATIONS IN THE COMPLAINT ...........................................................................2

III. ARGUMENT..........................................................................................................................3

    A. Standards Applicable To Motions to Dismiss ............................................................3

    B. Plaintiff Has Not Adequately Alleged An Ascertainable Loss................................4

IV. CONCLUSION....................................................................................................................11

## TABLE OF AUTHORITIES

Page

**Cases**

*Allen v. Wells Fargo, N.A.*, No. 14-cv-5283,
   2015 WL 5137953 (E.D. Pa. Aug. 28, 2015) ............................................................... 6

*AMP Inc. v. AlliedSignal Corp.*,
   168 F.3d 649 (3d Cir. 1999). ........................................................................................ 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007). ................................................................................................ 3, 4

*Benner v. Bank of Am., N.A.*,
   917 F. Supp. 2d 338 (E.D. Pa. 2013) ........................................................................... 6

*Bevelacqua v. Brooklyn Law Sch.*, No. 500175/2012,
   2013 WL 1761504 (N.Y. Sup. Ct. Apr. 22, 2013) ..................................................... 10

*Gomez-Jimenez v. New York Law School*,
   943 N.Y.S.2d 834 (N.Y. Sup. Ct. 2012),
   *aff'd*, 956 N.Y.S.2d 54 (N.Y. App. Div. 2012) ...................................................... 9, 10

*Kaymark v. Bank of Am., N.A.*,
   11 F. Supp. 3d 496 (W.D. Pa. 2014) ........................................................................ 5, 6

*Kaymark v. Bank of Am., N.A.*,
   783 F.3d 168 (3d Cir. 2015) ............................................................................... 2, 4, 5, 6

*Matter of Harris v. Dutchess County Bd. of Coop. Educ. Servs.*,
   25 N.Y.S.3d 527 (N.Y. Sup. Ct. 2015) ........................................................................ 7

*Motown Record Co., L.P. v. Kovalcik*, No. 07-cv-4702,
   2009 WL 455137 (E.D. Pa. Feb. 23, 2009) .......................................................... 3, 4, 7

*Murphy v. Bank of Am., N.A.*, No. 13-cv-5719,
   2016 WL 1020969 (E.D. Pa. Mar. 14, 2016) ............................................................... 6

*Petrizzo v. DeVry Education Group Inc.*, No. 16-cv-9754,
   2018 WL 827995 (N.D. Ill. Feb. 12, 2018) .............................................................. 7, 8

*Petty v. Chrysler Corp.*,
   799 N.E.2d 432 (Ill. App. 2003) .................................................................................. 7

*Phillips v. DePaul University*,
    19 N.E.3d 1019 (Ill. App. 2014) .......................................................................................... 8, 9

*Schwarzwaelder v. Fox*,
    895 A.2d 614 (Pa. Super. 2006) ............................................................................................... 6

*Taksir v. Vanguard Group,*
    253 F. Supp. 3d 787 (E.D. Pa. 2017) ....................................................................................... 2

*Trunzo v. CitiMortgage*,
    43 F. Supp. 3d 517 (W.D. Pa. 2014) ....................................................................................... 6

*Weinberg v. Sun Co., Inc.,*
    777 A.2d 442 (Pa. 2001) .......................................................................................................... 4

**Statutes**

Pennsylvania Unfair Trade Practices and Consumer Protection Law,
    73 P.S. §§ 201-1, *et seq.* ................................................................................................ *passim*

Defendant Temple University ("Temple") submits this Memorandum of Law in Support of its Motion to Dismiss.

## I.   INTRODUCTION

Plaintiff, a student currently enrolled in the Temple University Fox School of Business ("Fox") online MBA program, alleges that Temple engaged in unfair or deceptive acts or practices by misreporting data to U.S. News & World Report, which in turn used the data to calculate its Best Online MBA Programs rankings.  Plaintiff's Complaint contains one claim: an alleged violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* ("UTPCPL").  Plaintiff purports to bring a class action.

Plaintiff's UTPCPL claim is legally deficient because he has failed to adequately plead "ascertainable loss," which is a required element of a UTPCPL claim.  Plaintiff has alleged that the decision by U.S. News & World Report to move the Fox online MBA Program to the "unranked" category for 2018 and to remove its former number one rankings for 2015-2018 from the U.S. News & World Report website "will have a long reaching negative impact on [the] school's reputation, prestige and peer ratings."  Compl. at ¶56.  He further alleges that the U.S. News & World Report decision to change the Fox online MBA rankings will cause "irreparable damage to [students'] educational pedigree," as well as a "perceived diminution" in the academic value of a Fox online MBA degree, thereby reducing job opportunities for the recipients of that degree.  *Id*. at ¶¶100, 104.

However, Plaintiff's damages claim is purely hypothetical.  His own Complaint alleges that he is still enrolled in the Fox online MBA program, and is still employed full-time at BASF. *Id*. at ¶¶17-19.  He does not allege that he has suffered any adverse consequences in his current employment, nor does he allege that he lost any new potential job opportunity, as a result of the U.S. News & World Report change to Fox's rankings.  Indeed, this lawsuit was filed less than

three weeks after U.S. News & World Report's January 24, 2018 removal of Fox from its 2018 rankings (*id*. at ¶36), and Plaintiff does not allege that he even sought any new job opportunities after that date, much less that he was denied any such opportunity because of the rankings issue.

Plaintiff's damages theory relies on pure speculation concerning the potential future harm to the reputation of Fox's online MBA program, which in turn will allegedly diminish his own future employment prospects.  This is plainly insufficient to constitute "ascertainable loss."  *See, e.g., Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 180-81 (3d Cir. 2015) (affirming dismissal of UTPCPL claim, holding that plaintiff's damages theory was "untenable because he has not suffered actual loss" and his claimed damages were "speculative").

Plaintiff's failure to adequately allege "ascertainable loss" should compel dismissal of his Complaint.  Because there are no facts that could be pled by Plaintiff to demonstrate that he has actually suffered an ascertainable loss, any effort to amend his legally deficient damages theory would be futile.  Therefore, Temple respectfully submits that the Complaint should be dismissed with prejudice.[1]

## II.     ALLEGATIONS IN THE COMPLAINT

Plaintiff's allegations relate to Temple's reporting data to U.S. News & World Report. The specific data at issue was the number of new entrants for Fox's online MBA program who had submitted GMAT scores.  Shortly after the 2018 rankings were released in January 2018, Temple recognized an error and self-reported it to U.S. News & World Report, which ultimately decided to move Fox to the "unranked" category for 2018.  Compl. at ¶¶37, 45-46.  Before the error was discovered, Fox was ranked number one on U.S. News & World Report's rankings of online MBA programs from 2015 to 2018, and ninth in 2014.  *Id*. at ¶¶32, 33.

---

[1] *See, e.g., Taksir v. Vanguard Group,* 253 F. Supp. 3d 787, 795-796 (E.D. Pa. 2017) (Rufe, J.) (dismissing UTPCPL claim with prejudice and noting that "amendment would be futile").

2

Plaintiff alleges that Temple engaged in "unfair or deceptive acts or practices" and "unfair methods of competition" in violation of the UTPCPL. *Id*. at ¶¶86-90. His damages claim rests on the allegations that the removal of the Fox online MBA program from the U.S. News & World Report rankings "will have a long reaching negative impact on [the] school's reputation, prestige and peer ratings;" will create a "perceived diminution in the academic value of a TEMPLE Online MBA degree and reduced opportunities in the workplace for recipients thereof;" and will cause "irreparable damage to [students'] educational pedigree." *Id*. at ¶¶56, 100, 104 (capitalization in original).

Plaintiff's damages theory is based solely on his allegedly diminished future employment prospects because of the recent change in Fox's ranking by U.S. News & World Report. Significantly, he does not challenge the quality of the business school education he is now receiving.

Plaintiff purports to bring his UTPCPL claim on behalf of a putative class of "[a]ll persons who enrolled as students in TEMPLE'S Fox School of Business and Management's Online MBA program, between 2015 and the present." *Id*. at ¶63 (capitalization in original).

### III.   ARGUMENT

#### A.   Standards Applicable to Motions to Dismiss

The standards governing a motion to dismiss are well-established. As this Court has often recognized, although the well-pleaded factual allegations of the Complaint must be accepted as true, "[a] plaintiff's obligation to provide the grounds of his entitlement to relief *requires more than labels and conclusions*, and a *formulaic recitation of the elements of a cause of action will not do* without the allegation of sufficient facts in support." *Motown Record Co., L.P. v. Kovalcik*, No. 07-cv-4702, 2009 WL 455137, at *2 (E.D. Pa. Feb. 23, 2009) (Rufe, J.) (emphasis added), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[i]n

3

order to survive a motion to dismiss, a plaintiff must allege facts that 'raise a right to relief above the speculative level….'" *Motown*, 2009 WL 455137, at *2, *quoting Twombly*, 550 U.S. at 555.

### B.     Plaintiff Has Not Adequately Alleged An Ascertainable Loss

One of the key elements of a cause of action under the UTPCPL is ascertainable loss.  As the Third Circuit stated in *Kaymark*:

> To maintain a private right of action under the UTPCPL, a plaintiff must demonstrate (1) 'ascertainable loss of money or property, real or personal,'… (2) 'as a result of' the defendant's prohibited conduct under the statute.

783 F.3d at 180, citing 73 P.S. § 201-9.2(a).  *See Weinberg v. Sun Co.*, *Inc.,* 777 A.2d 442, 446 (Pa. 2001) ("The statute clearly requires, in a private action, that a plaintiff suffer an ascertainable loss as a result of the defendant's prohibited action.").

Although Plaintiff's Complaint rotely recites the words "ascertainable loss" (Compl. at ¶102), this mere "formulaic recitation" of one of the elements of a UTPCPL claim "will not do." *Motown, supra*, 2009 WL 455137, at *2, *quoting Twombly*, 550 U.S. at 555.  Plaintiff's Complaint is legally deficient because it fails to adequately plead any facts showing that he has actually suffered an "ascertainable loss."

As a threshold matter, Plaintiff has not alleged that the business school education he is now receiving at Fox is substandard or different from what he had been led to expect.  Also, Plaintiff's Complaint alleges only a "perceived" diminution, not an actual diminution, in the academic value of a Fox online MBA degree.  Moreover, even assuming *arguendo* the truth of the allegation that the Fox online MBA program has suffered reputational harm, this does not demonstrate that, as a result, Plaintiff has incurred an "ascertainable loss."  In fact, Plaintiff's Complaint alleges that he is still employed full-time and is still currently enrolled in the Fox online MBA program.  Compl. at ¶¶17-19.  He does not allege that, as a result of the change to

Fox's status in the U.S. News & World Report rankings, he was adversely affected in his current employment in any respect. Nor has he alleged that he was denied a job by any prospective employer as a result of the U.S. News & World Report rankings controversy, which became public only three weeks before he filed his lawsuit. Instead, his Complaint is based on pure conjecture as to his supposedly diminished future employment prospects after he receives his Fox online MBA degree. This rank speculation falls far short of the UTPCPL's stringent requirement of an "ascertainable loss."

Indeed, in a number of cases, courts have dismissed UTPCPL claims where, as here, the alleged damages were purely speculative and thus did not rise to the level of ascertainable loss. The leading case is *Kaymark*. In that case, after Bank of America filed a foreclosure action against Kaymark, he filed suit against the Bank and brought a UTPCPL claim. He alleged that the Bank's foreclosure complaint "contained unauthorized attorneys' fees and other fees, and these fees caused a diminution in value of his property equal to the fees." *Kaymark v. Bank of Am., N.A.*, 11 F. Supp. 3d 496, 499 (W.D. Pa. 2014). However, the District Court granted the Bank's motion to dismiss the UTPCPL claim because plaintiff had not pleaded sufficient facts to demonstrate an ascertainable loss. The Court stated:

> Plaintiff does not argue an actual loss, but alleges a speculative loss based on the alleged diminution in value of his property… *Plaintiff's argument is couched in forward-looking speculative terms, which are insufficient to establish ascertainable loss under the PUTPCPL. In short, the law calls for loss that can be identified with some level of certainty*.

*Id*. at 499 (emphasis added).

On appeal, the Third Circuit affirmed the dismissal of the UTPCPL claim, holding that plaintiff "has not suffered actual loss" because he was not deprived of his property and never paid the disputed fees sought in the Bank's foreclosure complaint. 783 F.3d at 180. The Court

5

found that plaintiff's alleged "temporary" injury was "too speculative, standing alone, to qualify for the protection of the UTPCPL." *Id.* at 181.

A number of other cases have likewise held UTPCPL claims to be legally deficient where ascertainable loss had not been pleaded adequately. *See, e.g., Schwarzwaelder v. Fox*, 895 A.2d 614, 619 (Pa. Super. 2006) (affirming dismissal of UTPCPL claim because plaintiffs' claimed damages were "wholly speculative"); *Murphy v. Bank of Am., N.A.*, No. 13-cv-5719, 2016 WL 1020969, at *6 (E.D. Pa. Mar. 14, 2016) (dismissing UTPCPL claim based on *Kaymark* because damages claim was "'too speculative' to be considered an ascertainable loss under the UTPCPL"); *Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 360 and n.16 (E.D. Pa. 2013) (dismissing UTPCPL claim because of failure to show an ascertainable loss; "[a]t this point, the loss is merely a possible loss, which is insufficient to establish a UTPCPL claim"); *Allen v. Wells Fargo, N.A.*, No. 14-cv-5283, 2015 WL 5137953, at *8 (E.D. Pa. Aug. 28, 2015) (UTPCPL claim dismissed because plaintiff's claims of damage to his credit score "are too speculative to rise to the level of an actual, ascertainable loss of money or property required to state a claim under the UTPCPL"); *Trunzo v. CitiMortgage*, 43 F. Supp. 3d 517, 522 (W.D. Pa. 2014) (UTPCPL claim was legally deficient because "Plaintiffs have failed to plausibly allege that they suffered any loss of 'money or property' through the mere issuance of payment demands on Citi's behalf.").

The many cases cited above are directly on point. Plaintiff's Complaint does not allege any facts that, even if deemed true, would show he has actually suffered any ascertainable loss. Instead, just as in *Kaymark,* "Plaintiff's argument is couched in forward-looking speculative terms, which are insufficient to establish ascertainable loss." 11 F. Supp. 3d at 499. Plaintiff's speculation that his employment prospects might be diminished at some indefinite time in the

future after he finishes his MBA program and after he leaves his current job at BASF is plainly insufficient to show ascertainable loss under the foregoing precedents. As in this Court's decision in *Motown*, Plaintiff has failed to allege facts that "raise a right to relief above the speculative level." 2009 WL 455137, at *2.

In addition to the foregoing Pennsylvania cases, there are several highly instructive recent decisions from other jurisdictions dismissing class actions in which consumer fraud claims against law schools and other educational institutions were based on the schools' dissemination of allegedly false and deceptive statistics concerning the employment rates and salaries of their recent graduates. Like the Pennsylvania cases discussed above, these cases from Illinois and New York held that the plaintiffs' consumer fraud claims were legally deficient because the alleged damages were speculative.[2]

Just a few weeks ago, in *Petrizzo v. DeVry Education Group Inc.*, No. 16-cv-9754, 2018 WL 827995, at *1 (N.D. Ill. Feb. 12, 2018), the court dismissed a class action complaint brought under 17 states' consumer fraud laws that was based on allegedly false advertising by DeVry that 90% of its graduates obtained new jobs in their field of study within six months of graduation. Plaintiffs alleged that "they would have either paid less money or would not have enrolled at all, had they known the truth behind the advertised employment statistics." *Id*. at *5. The Court agreed with defendants that plaintiffs' damages were too speculative to allow the consumer fraud claims to proceed. In words equally applicable here, the court held as follows:

---

[2] The consumer fraud statutes of Illinois and New York, like the UTPCPL, do not allow for recovery of damages that are merely speculative. *See, e.g., Petty v. Chrysler Corp*., 799 N.E.2d 432, 439 (Ill. App. 2003) (Illinois Consumer Fraud Act requires "actual damages," which "may not be predicated on mere speculation"); *Matter of Harris v. Dutchess County Bd. of Coop. Educ. Servs*., 25 N.Y.S.3d 527, 543 (N.Y. Sup. Ct. 2015) (dismissing claim under New York Consumer Fraud Statute, which requires "actual injury," court held that plaintiffs' claims of "lost or diminished employment opportunities" were speculative). The Third Circuit has explained that a court "may consider similar statutes of other jurisdictions in construing" a Pennsylvania statute. *AMP Inc. v. AlliedSignal Corp*., 168 F.3d 649, 653 n.2 (3d Cir. 1999).

7

> [I]t would seem that the difference between the true value [of the DeVry degree] and the inflated value *can only be based on speculative post-graduate career prospects and earning potential. Plaintiffs do not allege that any particular facet of the quality of their education or the degree they received was inadequate, or that they were promised a certain employment outcome*…. A consumer-fraud complaint need not allege a precise damages amount or a fully-developed mathematical model for calculating damages. *But it needs to allege facts sufficient to show that plaintiffs suffered actual, measurable, non-speculative damages. The complaint here falls short*.

*Id*. at *6 (emphasis added).

The *DeVry* decision relied on several factually similar decisions, one of which was *Phillips v. DePaul University*, 19 N.E.3d 1019 (Ill. App. 2014). In *Phillips*, graduates of DePaul's law school brought a class action alleging that they enrolled based on misleading employment and salary statistics concerning recent graduates transmitted by the law school to U.S. News & World Report, the ABA, and the National Association for Law Placement. *Id*. at 1025.

The trial court dismissed the claim under the Illinois Consumer Fraud and Deceptive Business Practices Act because plaintiffs' damages theory, which was "based on their post-graduate jobs and incomes" (*id*. at 1032), was too speculative. That ruling was affirmed on appeal. The Appellate Court agreed with the trial court that "a law school graduate's success in obtaining the job and lifetime salary he/she desires is the result of a multitude of factors."[3]

---

[3] These factors include, but are not limited to, the following: "the state of the economy, the overall availability of jobs in the legal profession, the overall academic record of the graduate, any practical experience of the graduate such as summer associate positions, internships and clinics, the efforts put into obtaining legal employment, whether the graduate interviews well, and the geographic area in which employment is sought. Additional factors impacting the amount a lawyer may or may not earn over a lifetime include, but are not limited to, whether the lawyer chooses to practice in the private or public sector, whether the lawyer takes time off for childrearing or other reasons, whether the lawyer, if in private practice, makes partner, economic conditions over the course of the lawyer's lifetime, etc." 19 N.E. 3d at 1033.

*Id.* at 1033. Moreover, "[g]iven the myriad factors that go into a successful job search and career earnings," it cannot be established that, but for the allegedly misleading statistics, the plaintiffs "would have obtained their desired jobs/salaries even upon graduation from different law schools." *Id.*

The Court of Appeals emphasized in *Phillips* that "[t]o sufficiently plead a cause of action under the [Illinois] Consumer Fraud Act, plaintiffs must plead actual damages… *Damages may not be predicated on mere speculation, hypothesis, conjecture or whim*." *Id.* at 1034 (emphasis added). The Court agreed with the trial court that in light of the numerous factors impacting an attorney's ability to obtain a particular job and salary, "[n]one of these factors can be determined with any kind of certainty and, therefore, the amount of damages, if any, sustained by [p]laintiffs is wholly speculative." *Id.* at 1035.

Also directly on point is the decision in *Gomez-Jimenez v. New York Law School*, 943 N.Y.S.2d 834 (N.Y. Sup. Ct. 2012), *aff'd*, 956 N.Y.S.2d 54 (N.Y. App. Div. 2012). Plaintiffs' class action alleged that New York Law School violated New York's Consumer Fraud statute (General Business Law §349) when it disseminated allegedly misleading and deceptive statistics concerning recent graduates' employment rates and salaries. 943 N.Y.S.2d at 837. Plaintiffs alleged that the inflated statistics induced them to enroll at New York Law School because obtaining a degree there meant that a "high paying, full-time, permanent job was highly likely." *Id.* at 837, 847. Just as in this case, "plaintiffs' sole objection to the degrees they earned at NYLS is purely in employment terms" and "plaintiffs do not challenge the quality of the education they received." *Id.* at 844, 847. The trial court emphasized that the New York Consumer Fraud statute has a "requirement that the actual injury each plaintiff sustained as a

9

result of the misleading statements be identified." *Id*. at 847. The Court held that plaintiffs failed to satisfy this requirement:

> To measure damages based on the difference in value between a degree which guarantees a good legal job, as defined by plaintiffs, and one that does not … would require the court to engage in naked speculation. This the court cannot do.

*Id*. at 851. *Accord Bevelacqua v. Brooklyn Law Sch.*, No. 500175/2012, 2013 WL 1761504, at *9 n.13 (N.Y. Sup. Ct. Apr. 22, 2013) (dismissing consumer fraud class action based on dissemination of misleading employment and salary information of recent graduates to U.S. News & World Report and ABA; plaintiffs' damages theory required "improper speculation").

In sum, Plaintiff's Complaint fails to allege facts showing that he has actually sustained an ascertainable loss, as required under the UTPCPL. His damages theory rests entirely on speculation and conjecture concerning how prospective future employers will react to his future job applications once he secures his online MBA degree from Fox. This is obviously unknown at this time and clearly does not constitute an "ascertainable loss." Consistent with the decisions in the many cases above, Temple respectfully submits that the Complaint should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Complaint should be dismissed with prejudice.

Respectfully submitted,

Dated:   April 12, 2018

| | |
|---|---|
| /s/ Joe H .Tucker | /s/ Roberta D. Liebenberg |
| Joe H. Tucker, PA ID # 56617 | Roberta D. Liebenberg, PA ID # 31738 |
| Jessica Rickabaugh, PA ID # 200189 | Gerard A. Dever, PA ID # 85291 |
| **TUCKER LAW GROUP, LLC** | Jessica D. Khan, PA ID # 208875 |
| Ten Penn Center | **FINE, KAPLAN AND BLACK, RPC** |
| 1801 Market Street, Suite 2500 | One South Broad Street, 23rd Floor |
| Philadelphia, PA  19103 | Philadelphia, PA  19107 |
| Tel: 215-875-0609 | Tel: 215-567-6565 |
| Fax: 215-559-6209 | Fax: 215-568-5872 |
| jtucker@tlgattorneys.com | rliebenberg@finekaplan.com |

Attorneys for Defendant Temple University

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2018, I caused the foregoing Motion and Memorandum of Law in Support of Defendant Temple University's Motion to Dismiss Plaintiff's Complaint to be filed electronically with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to counsel for Plaintiff.

    /s/  *Roberta D. Liebenberg*
Roberta D. Liebenberg